People v Bailey (2018 NY Slip Op 00361)





People v Bailey


2018 NY Slip Op 00361


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

108015

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILBUR C. BAILEY JR., Appellant.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Mark Diamond, Albany, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Franklin County (Main Jr., J.), rendered April 13, 2015, which resentenced defendant upon his conviction of burglary in the third degree, and (2) from a judgment of said court, rendered September 16, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
The facts of this case largely mirror those set forth in People v Bailey (___ AD3d ___ [appeal No. 108014, decided herewith]). In July 2013, defendant waived indictment, agreed to be prosecuted pursuant to a superior court information charging him with one count of burglary in the third degree, waived his right to appeal and pleaded guilty to the charged crime in exchange for a split sentence of six months in the local jail and
five years of probation. Defendant subsequently was charged with and admitted to violating the terms and conditions of his probation by, among other things, testing positive for opiates. Following his successful completion of an inpatient treatment program, defendant was resentenced/restored to probation in April 2015. Four months later, however, defendant again was charged with violating his probation, and a hearing was set for September 2015. Defendant agreed to admit to certain violations — with the understanding that County Court would revoke his probation and resentence him to no more than an indeterminate prison term of 2 to 6 years — and was required to waive his right to appeal (except as to constitutional issues and any violation of the court's sentencing commitment). Following defendant's admissions, County Court revoked defendant's probation and resentenced him to a prison term of 2 to 6 years. These appeals ensued.
Upon appeal, defendant raises the very arguments advanced on his related appeal — namely, that his waiver of the right to appeal, as placed on the record during the course of the [*2]September 2015 violation of probation proceeding, was invalid, thus enabling him to challenge the prison sentence imposed as harsh and excessive. We have considered defendant's arguments on these points, as well as his remaining contentions, and, for the reasons set forth in People v Bailey (supra), find them to be unpersuasive. Accordingly, County Court's judgments are affirmed.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgments are affirmed.